## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLIP JEROME MURPHY, | No. 4:22-CV-00370 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN R. THOMPSON, | |
| Respondent. | |

## MEMORANDUM OPINION

### OCTOBER 14, 2022

Petitioner Phillip Jerome Murphy, an inmate confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He attempts to collaterally attack his Section 924(c) conviction for which he pled guilty in 2015 in the United States District Court for the Eastern District of Virginia. The Court will dismiss Murphy's Section 2241 petition for lack of jurisdiction.

## I.    BACKGROUND

Murphy is currently serving a 180-month sentence after pleading guilty to one count of conspiracy to manufacture and distribute, and possess with intent to manufacture and distribute one kilogram or more of heroin (21 U.S.C. § 841(a)(1) and (b)(1)(A)(i)), and one count of possession of a firearm in furtherance of a drug

trafficking crime (18 U.S.C. § 924(c)(1)(A)).[1]  Murphy sought post-conviction relief in the sentencing court on numerous bases, including through several motions under 28 U.S.C. § 2255,[2] but was only successful when seeking a reduction in his sentence under the First Step Act.[3]

Murphy now attempts to collaterally attack his 924(c) conviction in this Court through Section 2241.  However, because this Court does not have jurisdiction to entertain Murphy's petition, it must be dismissed.

## II.   DISCUSSION

Murphy contends that he is "actually innocent" of the 924(c) offense because "there was no specific nexus between the sale of the firearm and any federal drug trafficking crime."[4]  Murphy primarily relies on *Holland v. Warden Canaan USP*, 998 F.3d 70 (3d Cir. 2021), to support his claim that he can utilize a Section 2241 petition to challenge his conviction.  That reliance is misplaced.

Generally, the presumptive method for bringing a collateral challenge to the validity of federal conviction or sentence is a motion to vacate pursuant to 28 U.S.C. § 2255.[5]  Only in the rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a

---

[1]   *United States v. Murphy*, No. 2:15-CR-00103-RAJ, Docs. 24, 36 (E.D. Va.).   Murphy's original 300-month sentence was subsequently reduced to 180 months by the sentencing court. *See id.*, Doc. 108 at 11-12.

[2]   *See id.*, Docs. 45, 55, 68.

[3]   *See id.*, Doc. 108 at 8-12.

[4]   Doc. 2 at 2.

[5]   *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted).

federal prisoner proceed under Section 2241 instead of Section 2255.[6]  The United States Court of Appeals for the Third Circuit has explained that this "safety valve" provision in Section 2255(e) only applies when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal.[7] Stated differently, Section 2255(e) permits a petitioner to resort to Section 2241 when the petitioner "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate."[8]  But simply because a petitioner is unable to meet the "stringent gatekeeping requirements" of Section 2255 does not render a motion under that provision "inadequate or ineffective" to challenge a conviction or sentence.[9]

In *Holland*, the petitioner properly relied on an intervening change in the interpretation of statutory law as the basis for bringing his post-conviction claim through Section 2241 rather than Section 2255.[10]  Because the petitioner in *Holland* had traded a gun for cash and drugs, under the United States Supreme Court's 2007 decision in *Watson v. United States*,[11] the conduct underlying his

---

[6]   *See* 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" provision or "savings clause"); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

[7]   *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179-80 (3d Cir. 2017); *see also Cordaro v. United States*, 933 F.3d 232, 239-40 (3d Cir. 2019).

[8]   *Bruce*, 868 F.3d at 180 (quoting *Dorsainvil*, 119 F.3d at 251).

[9]   *Okereke*, 307 F.3d at 120.

[10]  *See Holland*, 998 F.3d at 74.

[11]  552 U.S. 74, 83 (2007) (holding that person who trades drugs for a gun does not "use" a firearm "during and in relation to . . . [a] drug trafficking crime" within the meaning of Section 924(c)(1)(A)).

1999 firearms charge was no longer a violation of Section 924(c)(1)(A).[12]  Thus, the Court of Appeals held that the petitioner could utilize the safety valve provision of Section 2255(e) to challenge his firearms conviction through a Section 2241 petition.[13]

Murphy, on the contrary, does not meet the stringent requirements of Section 2255(e).  He argues that "the government failed to present any evidence that [he] possessed the firearm during and in relation to, or in furtherance of a drug trafficking crime,"[14] and therefore the district court erred when it accepted his guilty plea to the 924(c) charge.[15]  Murphy recounts the statutory history of Section 924(c) and case law interpreting the phrase "in furtherance of," and then asks this Court to reexamine the factual record at the time of his 2015 guilty plea.[16]

The Court declines Murphy's invitation because it lacks jurisdiction over his claim.  Murphy has failed to set forth a proper basis to invoke the safety valve provision in Section 2255(e).  He has not identified an intervening change in controlling, statutory law that would render his prior conduct noncriminal.  In point of fact, all the binding case law to which Murphy cites—with the exception of *Holland*—existed prior to his 2015 guilty plea and 2016 sentencing.[17]  Murphy has

---

[12]   *Holland*, 998 F.3d at 74.
[13]   *Id.*
[14]   Doc. 2 at 9 (emphasis removed).
[15]   *Id.* at 9-15.
[16]   *Id.*
[17]   *See id.*

not established any reason why the instant claim could not have been raised in a Section 2255 motion, or why such a motion is "inadequate or ineffective" to challenge his 924(c) guilty plea and conviction.  The safety valve provision in Section 2255(e), therefore, does not apply to Murphy's claim.

In short, Murphy's collateral challenge is not the rare type of post-conviction claim that can proceed under Section 2241.  Accordingly, the Court must dismiss Murphy's Section 2241 petition for lack of jurisdiction.[18]

## III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Murphy's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[18]   *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538, 539 (3d Cir. 2002).